UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SKY PREMIER PARTS, LLC, et al.,

Plaintiffs,

v.

SHINE LOGISTICS, LLC, et al.,

Defendants.

No.  2:25-cv-2075-CKD

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiffs Sky Premier Parts, LLC ("Sky Premier") and Sonny & Bosco, Inc. ("Sonny & Bosco") move the court for default judgment against defendants Shine Logistics, LLC ("Shine Logistics") and NS Freight, Inc. ("NS Freight").[1] (ECF No. 11.) Plaintiffs seek a default judgment against these defendants for damages in the amount of $148,348 on claims of breach of contract and violation of the Carmack Amendment. The court previously ordered this motion submitted without appearance and argument pursuant to Local Rule 230(g). (ECF No. 14.) For the reasons set forth below, the undersigned recommends the motion for default judgment be

_____

[1] A third defendant, Rahul Gupta, was named in the complaint but the record does not indicate Mr. Gupta was served. Mr. Gupta appeared in this action and is proceeding pro se. (ECF No. 15.) Plaintiffs state, "dismissal of the Complaint against him is appropriate." (ECF No. 12 at 2 n.1; see also ECF No. 16.) Thus, it is recommended the action against Mr. Gupta be dismissed. See Fed. R. Civ. P. 41(a)(2).

1

granted.

## I.    BACKGROUND

Plaintiffs filed their complaint on July 24, 2025. (ECF No. 1.) Plaintiff Sonny & Bosco is a corporation organized and existing under the laws of the State of California, with its principal place of business in California. (Id., ¶ 1.) Sonny & Bosco is in the business of selling and distributing tires. (Id.) Plaintiff Sky Premier is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida. (Id., ¶ 2.) Sky Premier is engaged in the business of selling and distributing tires. (Id.)

Defendant Shine Logistics is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in California. (Id. ¶ 3.) Shine Logistics is a truck broker and is registered with the U.S. Department of Transportation ("US DOT"), Federal Motor Carrier Safety Administration ("FMCSA") as a broker under 49 U.S.C. § 13102(2), and assigned US DOT number 3217047 and MC- MC01005978 by the FMCSA. (Id.) Defendant N.S. Freight is a corporation organized under the laws of the State of California, with its principal place of business in California. (Id., ¶ 4.) NS Freight is engaged in business as a motor carrier and is registered with the US DOT and FMCSA, and assigned US DOT number 3968888 and MC-1482486 by the FMCSA from January 25, 2023, until January 27, 2025. (Id.)

Plaintiff alleges that on September 27, 2024, Sonny & Bosco sold a shipment of tires to Sky Premier for $148,348. (Id., ¶ 8.) Sky Premier contacted Shine Logistics to transport the shipment from Long Beach, California to Orlando, Florida. (Id., ¶ 9.) Shine Logistics prepared a bill of lading identifying the shipment and designating Malcolm L. McCoy as the motor carrier to provide transport. (Id., ¶ 10.) At Shine Logistic's direction, the shipment was instead loaded onto a truck operated by NS Freight. (Id., ¶ 11.) NS Freight did not issue a bill of lading. (Id.) Plaintiffs allege NS Freight took possession of the shipment without the intention of transporting it to Orlando. (Id., ¶ 15.) The shipment was not delivered. (Id., ¶ 14.)

Unknown persons purporting to conduct business as Mob Transport prepared a Rate and Load Confirmation dated September 27, 2024, and sent it to Sky Premier to deceive plaintiffs into believing the shipment was being transported to its destination by an authorized motor carrier.

2

(ECF No. 1, ¶ 12.) On October 27, 2023, Sky Premier and Shine Logistics entered into a "Freight Brokerage Services Agreement ("FBSA"). (Id., ¶ 16; Exh. 1.) Plaintiffs allege Shine Logistics breached the FBSA, including by not having a bilateral written contract with NS Freight, and by not arranging for transportation of Plaintiffs' freight with motor carriers that were authorized to transport the freight. (Id., ¶ 18.)

Plaintiffs' complaint brought four claims as follows: (1) breach of contract against Shine Logistics; (2) unauthorized brokerage activities under 49 U.S.C. § 14916 against all defendants; (3) damages under the Carmack Amendment against NS Freight; and (4) and damages under 49 U.S.C. § 14704(a)(2) against Shine Logistics and NS Freight. (ECF No. 1.)

In the motion for default judgment, plaintiffs indicate they wish to voluntarily dismiss the second claim for unauthorized brokerage in violation of 49 U.S.C. § 14916 and the fourth claim for damages under 49 U.S.C. § 14704(a)(2). (ECF No. 12 at 2.) These claims should be dismissed accordingly. See Fed. R. Civ. P. 41(a)(2). As to the remaining claims, plaintiffs seek default judgment against Shine Logistics for breach of contract and against NS Freight under the Carmack Amendment. (ECF No. 11.) Plaintiffs seek damages in the amount of $148,348.

## II.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

3

////

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

## III. DISCUSSION

### A. Jurisdiction

#### 1. Subject Matter Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). Plaintiffs filed the complaint pursuant to 28 U.S.C. § 1331. District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs bring their claim against defendant NS Freight under Carmack Amendment, 49 U.S.C. § 14706, a federal statute. The Court has subject matter jurisdiction over this action by way of a federal question pursuant to 28 U.S.C. § 1331.

#### 2. Personal Jurisdiction

To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendants in default. In re Tuli, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

Here, the defendants are incorporated in California or have their principal place of business in California. Accordingly, the court has personal jurisdiction over the defaulted

defendants.

**B.** **Service of Complaint**

In reviewing a motion for default judgment, the court must determine whether defendants were properly served with the summons and complaint. Fed. R. Civ. P. 4(c). It appears defendant Shine Logistics and defendant NS Freight were properly served.

Returns of service filed on August 15, 2025 indicate defendants Shine Logistics and NS Freight were personally served on August 13, 2025, via personal service to their respective agents for service. (ECF No. 5 at 2; ECF No. 6 at 2.) See Fed. R. Civ. P. 4(h) (a corporation or partnership must be served in a judicial district of the United States in the matter prescribed by Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant"); id. at 4(e)(1) (an individual may be served by following state law in the state where the district court is located); Cal. Civ. Proc. Code § 416.10 ("A summons may be served on a corporation by delivering a copy of the summons and the complaint . . . to the person designated as agent for service of process . . . ."); Cal. Civ. Proc. Code § 416.40 ("A summons may be served on an unincorporated association (including a partnership) by delivering a copy of the summons and of the complaint . . . to the person designated as agent for service of process in a statement filed with the Secretary of State[.]").

**C. Application of Eitel Factors**

**1. Possibility of Prejudice to Plaintiff**

The court considers whether plaintiffs would suffer prejudice if default judgment is not granted. Such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiffs filed the complaint against defendants on July 24, 2025, and the non-appearing defendants have not responded to plaintiffs' complaint or otherwise put forth a defense in this action. The present litigation cannot move forward, leaving plaintiffs no recourse other than to seek a default judgment. Accordingly, the first factor weighs in favor of entering default

5

judgment.

### 2. Merits of the Substantive Claim and Sufficiency of Pleading

"The second and third Eitel factors both examine the merits and sufficiency of a plaintiff's complaint, and accordingly, are often analyzed together." Johnson v. Qolor LLC, 2022 WL 3348589, at *1 (N.D. Cal. Aug. 12, 2022) (internal quotation marks and citations omitted). The court considers whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, 238 F. Supp. 2d at 1175. Where, as here, a default has been entered, the factual allegations of the complaint together with other competent evidence submitted are taken as true. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001).

### a. Breach of Contract Claim

Plaintiffs' claim one for breach of contract is against defendant Shine Logistics only. (ECF No. 1 ¶¶ 7-19.) The elements of a breach of contract claim under California law are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." See Wall St. Network, Ltd. V. New York Times Co., 164 Cal.App.4th 1171 (2008).

As set forth above, the complaint alleges Sky Premier and Shine Logistics entered into a Freight Brokerage Services Agreement ("FBSA") under which Shine Logistics as truck broker was to arrange for transportation of the shipment pursuant to certain conditions, responsibilities, warrants, and agreements. Shine Logistics allegedly breached the FBSA, including by not having a bilateral written contract with NS Freight, and by not arranging transport with motor carriers that were authorized to transport the freight. Plaintiffs suffered damages when the shipment was not delivered. Taking the well-pleaded allegations as true, see Fair Housing of Marin, 285 F.3d at 906, plaintiffs adequately pleaded a breach of contract claim.

### b. Carmack Amendment

Plaintiffs' claim three is against defendant NS Freight only. (ECF No. 1, ¶¶ 27-29.) Under the Carmack Amendment, motor carriers are liable for all losses relating to goods they transport in interstate commerce. 49 U.S.C. § 14706. "A plaintiff must allege three elements to establish a

prima facie case of violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition, (2) damage to the goods before delivery to their final destination, or failure to deliver[] altogether, and (3) the amount of damages." Direct Connect Logistix, Inc. v. Rd. Kings Trucking Inc., No. 1:16-CV-01006-AWI-SKO, 2016 WL 6608924, at *4 (E.D. Cal. Nov. 9, 2016) (citation omitted); see Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 138 (1964); Advantage Freight Network v. Sanchez, No. CV-F-07827-LJO-SMS, 2008 WL 4183987, at *3 (E.D. Cal. Sept. 10, 2008).

Here, the complaint sufficiently alleges NS Freight was a motor carrier who took possession of the shipment at issue. (ECF No. 1 ¶¶ 11, 15.) With their motion for default judgment, plaintiffs additionally submit a Declaration of Sonny Tran that states the tire shipment was in good condition when received by NS Freight. (ECF No. 11-2, ¶ 3.) The shipment was not delivered, and plaintiffs suffered $148,348 in damages. (ECF No. 1, ¶¶ 14, 19, 29.) Considering the well-pleaded factual allegations of the complaint and other competent evidence submitted, see Shanghai Automation Instrument Co., 194 F. Supp. 2d at 1000, plaintiffs have established a prima facie claim against defendant NS Freight for liability under the Carmack Amendment.

### 3. The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). This factor requires the court to assess whether recovery sought is proportional to the harm caused by defendants' conduct. See Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) ("Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct").

Plaintiff seeks $148,348 in damages and submits declarations and exhibits in support of the purchase price for the tires in the shipment. (ECF No. 11-1, ¶ 2.) Plaintiffs' alleged damages have support in the record and this factor does not preclude granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The court assumes the truth of well-pleaded facts in the complaint following the clerk's

entry of default. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. There is no indication of material facts in dispute, and this factor favors granting default judgment.

### 5.    Whether the Default Was Due to Excusable Neglect

While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. Shanghai Automation Instrument Co., 194 F. Supp. 2d at 1005.

As set forth above, the record indicates the non-appearing defendants were properly served. Plaintiff also served by mail the papers in support of the motion for default judgment to both defaulted defendants. (See ECF No. 11-4 at 32; ECF No. 12 at 14; ECF No. 13 at 3.) The record contains no indication their default is due to excusable neglect.

### 6.    The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc., 694 F. Supp. 2d at 1061. Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. The policy in favor of decisions on the merits does not preclude the entry of default judgment under the circumstances here.

### 7.    Eitel Recommendation

Taken together, the relevant factors support granting the motion for default judgment. It is therefore recommended default judgment be entered.

### B.    Terms of the Judgment to be Entered

The court determines the "amount and character" of the relief to be awarded upon default

judgment. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010). A plaintiff "must "prove up" the damages. Id. at 923 (citations omitted). The damages sought cannot "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Default judgment may be entered without a hearing where the plaintiff submits documentary evidence showing that the amount sought in damages is based on a definite figure capable of mathematic computation. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)).

Plaintiff seeks damages for the invoice price of the shipment. The undersigned recommends these damages be awarded.

## IV.    CONCLUSION AND RECOMMENDATION

In accordance with the above, IT IS ORDERED as follows:

1.  The Clerk of the Court shall assign a district judge to this case.

2.  Within 5 days after these findings and recommendations are filed, plaintiff shall serve a copy on each defaulted defendant by mail at the address where service of process was effected or at any more recent address known to plaintiff, and shall file a proof of such service.

In addition, IT IS RECOMMENDED as follows:

1.  Pursuant to plaintiffs' requests, the court dismiss the entire action against defendant Rahul Gupta, dismiss plaintiffs' second claim under 49 U.S.C. § 14916 against all defendants, and dismiss plaintiffs' fourth claim under 49 U.S.C. § 14704(a)(2) against defendants Shine Logistics and NS Freight. See Fed. R. Civ. P. Rule 41(a)(2).

2.  Plaintiff's motion for default judgment (ECF No. 11) be GRANTED.

3.  Judgment be entered in favor of plaintiffs Sky Premier Parts, LLC and Sonny & Bosco, Inc., and against Shine Logistics, LLC, for breach of contract in count one and against NS Freight, Inc., under the Carmack Amendment in count three, jointly and severally for the sum of $148,348.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 5, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sky25cv2075.mdj

10